UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SUMMER HARSON, ) | |
| ) | |
| Plaintiff, ) | Case: 3:26-cv-00191 |
| ) | |
| v. ) | |
| ) | |
| COMMUNITY HEALTH SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Summer Harson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Community Health Systems, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. $2000gg *et seq.,* seeking redress for Defendant's sex-based and pregnancy-based discrimination, sex-based and pregnancy-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

2.    This lawsuit also arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg *et seq.* ("PWFA"), seeking redress for Defendant's pregnancy-based discrimination, failure to accommodate Plaintiff's pregnancy, and for Defendant's retaliation against Plaintiff for engaging in a protected activity under the PWFA.

3.    This lawsuit further arises under Wisconsin common law, seeking redress for

Defendant's retaliatory discharge of Plaintiff's employment in response to Plaintiff's protected activity.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

5. Venue of this action properly lies in the Western District of Wisconsin, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This Court has supplemental jurisdiction of Count VII pursuant to 28 U.S.C. §1367.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent have been fulfilled or been complied with.

8. A charge of employment discrimination was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

10. Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

11. Plaintiff, Summer Harson, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Winnebago County, Illinois.

12. At all times material to the allegations in this Complaint, Defendant, Community Health Systems, Inc., is a corporation doing business in and for Rock County, Wisconsin, whose address is 74 Eclipse Ctr, Beloit, WI 53511-3550.

13. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

14. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

15. Plaintiff worked for Defendant as a Dental Practice Manager from on or about August 25, 2025 until Plaintiff's unlawful termination on or about January 7, 2026, when she was unlawfully terminated on the basis of her sex (female) and pregnancy status.

16. From in or around December 2025, until in or around January 2026, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has been subjected to a hostile work environment on the basis of her sex and pregnancy status.

17. Plaintiff was a pregnant female and is a member of a protected class because of her sex and pregnancy, whom Defendant subjected to different terms and conditions of employment than others not within Plaintiff's protected classes.

18. During her employment with Defendant, Plaintiff discovered she was pregnant.

19. Additionally, Plaintiff identified two significant compliance issues at Defendant's clinic.

20. First, Plaintiff identified that the Solmotex amalgam filtration system was noncompliant with requisite standards.

21. Plaintiff reported this finding to Defendant's management, thereby engaging in protected activity.

3

22. Second, Plaintiff discovered noncompliance issues with Defendant's water lines, including failure to test or clean the water lines.

23. Plaintiff proactively implemented a testing procedure to diagnose and address the water line issue.

24. Plaintiff also reported the water line issue to Defendant, thereby engaging in protected activity.

25. After Plaintiff reported the water line issues, Defendant temporarily closed the clinic for approximately one week beginning on or around October 31, 2025.

26. Plaintiff assisted in rectifying the water line issue by getting the lines cleaned and obtaining the necessary training materials to prevent the water line issue from recurring.

27. Despite Plaintiff's instrumental role in addressing these issues and ensuring compliance, her supervisor, Cori (LNU), excluded her from key conversations with the board regarding the violations, even though Plaintiff was required to speak to the board.

28. In or around November 2025, Plaintiff suffered a miscarriage.

29. On or about December 1, 2025, Plaintiff began approved medical leave due to experiencing a miscarriage.

30. Prior to Plaintiff's return, her supervisor, Cori, sent Plaintiff a text message stating that Plaintiff would be required to work on the floor as a dental assistant and that Cori would perform all Plaintiff's previous managerial duties despite Plaintiff's ability to perform her previous duties upon her return from medical leave.

31. Plaintiff returned to work on or about December 15, 2025, without any restrictions.

32. Upon Plaintiff's return from medical leave, Cori began acting dismissively and aggressively towards her.

33. Before taking medical leave related to her pregnancy and miscarriage, Plaintiff had regularly scheduled weekly meetings with Angel (LNU), the Director of Human Resources.

34. During these meetings, Plaintiff raised multiple concerns related to her job duties, workplace treatment, and the need for support.

35. Following Plaintiff's return from medical leave for her miscarriage, Plaintiff's first scheduled meeting with Human Resources (HR) was set for on or about December 18, 2025.

36. On or about December 18, 2025, Defendant canceled Plaintiff's scheduled HR meeting without explanation.

37. At the same time, Defendant canceled all of Plaintiff's standing weekly meetings with HR and removed them from Plaintiff's calendar.

38. Defendant did not reschedule the canceled HR meeting, did not provide any explanation for the cancellation of all HR meetings, and did not engage with Plaintiff in any further discussions regarding her concerns, or Plaintiff's need for support

39. On or about January 2, 2026, Plaintiff informed Cori and HR that she would require surgery scheduled for on or about February 2, 2026.

40. Specifically, Plaintiff explained that the surgery was medically necessary due to an umbilical hernia resulting from her prior pregnancy and that she would need approximately two to four weeks of recovery time.

41. On or about January 7, 2026, Plaintiff was terminated by Defendant.

42. At the time, only Plaintiff was terminated, yet Defendant claimed she was terminated for financial reasons without any further explanation.

43. Moreover, Plaintiff was not offered an alternative position, despite the fact that Defendant was actively hiring for the dental assistant position that Plaintiff was assigned to work.

44. During the termination meeting, Human Resources also referenced Plaintiff's prior conversation regarding her need for medical leave related to her upcoming surgery.

45. Ultimately, on or about January 7, 2026 Plaintiff was terminated on the basis of Plaintiff's sex, pregnancy, and engaging in protected activity as described above.

46. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of their employment.

47. Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

48. Plaintiff was targeted for termination because of her sex.

49. Plaintiff was targeted for termination because of her pregnancy status.

50. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

51. There is a basis for employer liability for the sex-based harassment that Plaintiff was subjected to.

52. Plaintiff can show that she engaged in statutorily protected activity – a necessary component of her retaliation claim – because Plaintiff disclosed that she had medical leave related to her pregnancy and subsequent miscarriage, and required reasonable accommodation, including medical leave.

## COUNT I
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based and Pregnancy-Based Discrimination)

53. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated

against Plaintiff based on Plaintiff's sex (female) and pregnancy, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

55. Plaintiff met or exceeded performance expectations.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

57. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex (female) and pregnancy.

58. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex (female) and pregnancy.

59. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

60. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based and Pregnancy-Based Harassment)

61. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

62. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based and pregnancy-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

63. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act

7

of 1964, as amended, 42 U.S.C. §2000e, et seq. due to Plaintiff's status as a pregnant female.

64. Defendant knew or should have known of the harassment.

65. The sex-based and pregnancy-based harassment was severe or pervasive.

66. The sex-based and pregnancy-based harassment was offensive subjectively and objectively.

67. The sex-based and pregnancy-based harassment was unwelcomed.

68. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

69. As a direct and proximate result of the sex- and pregnancy-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

70. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

71. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

72. During Plaintiff's employment with Defendant, Plaintiff requested accommodations related to her pregnancy.

73. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

74. In response to Plaintiff's request for accommodations, Defendant failed to take necessary precautions to prevent retaliation against Plaintiff for engaging in protected activity.

8

75. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

76. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's request for pregnancy-related accommodations, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

77. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

78. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### COUNT IV
### Violation of the Pregnant Workers Fairness Act
### (Pregnancy-Based Discrimination)

79. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

80. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's pregnancy in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*. as adopted by the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(7).

81. In pertinent part, the PWFA states,

> It shall be an unlawful employment practice for a covered entity to—
>
> (4) require a qualified employee to take leave, whether paid or unpaid, if another reasonable accommodation can be provided to the known limitations related to the pregnancy, childbirth, or related medical conditions of the qualified employee… (PWFA, 42 U.S.C. §2000gg-1(4)).

82. Plaintiff met or exceeded Defendant's legitimate performance expectations.

83. Plaintiff is a member of a protected class under the PWFA, due to Plaintiff's pregnancy.

84. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

85. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

86. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of the Pregnant Workers Fairness Act
### (Failure to Accommodate)

87. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

88. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

89. Plaintiff is a qualified employee as defined by 42 U.S.C. 2000gg et seq.

90. Defendant was aware of the pregnancy and the need for accommodations.

91. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

92. Plaintiff's reasonable accommodations that were requested were not an undue burden on Defendant.

93. Defendant did not accommodate Plaintiff's pregnancy.

94. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex (female) and pregnancy.

95. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

96. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
**Violation of the Pregnant Workers Fairness Act**
**(Retaliation)**

97. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

98. Plaintiff is a member of a protected class due to her sex (female) and pregnancy.

99. During Plaintiff's employment with Defendant, Plaintiff requested medical leave due to her miscarriage.

100. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

101. In response to Plaintiff's complaint, Defendant failed to take necessary precautions to prevent retaliation against Plaintiff for engaging in protected activity.

102. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting medical leave due to Plaintiff's miscarriage, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

103. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

104. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

105. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VII**
**Wisconsin Common Law**
**(Demand for Relief for Retaliatory Discharge)**

106. Plaintiff repeats and re-alleges all preceding paragraphs as though fully restated herein.

107. Wisconsin common law recognizes a cause of action for retaliatory discharge.

108. Plaintiff's employment was terminated by the Defendant.

109. Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of reporting noncompliance issues with Defendant's filtration system and water lines.

110. The termination of Plaintiff's employment violates a clear mandate of public policy including Wisconsin's public policy favoring workplace safety and compliance.

111. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

112. Defendant intentionally retaliated against Plaintiff after she engaged in protected activity, and attempted to exercise her rights pursuant to Wisconsin common law.

113. Plaintiff was discharged in retaliation for Plaintiff's reports of legal noncompliance, including reports regarding noncompliant systems of Defendant.

114. As a result of said retaliatory discharge, Plaintiff has suffered damages, including but not limited to loss of earnings, loss of ability to earn money, and mental anguish.

115. The losses have occurred in the past and will continue in the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

   a. Back pay;

   b. Payment of interest on all back pay recoverable;

   c. Front pay;

   d. Loss of benefits;

   e. Compensatory and punitive damages;

   f. Reasonable attorneys' fees and costs;

   g. Award pre-judgment interest if applicable; and

   h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: March 6, 2026.

***/s/ Yasmeen Elagha, Esq.***
Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq.
Atlas Law Center, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone (630) 575 - 8181
Fax (630) 575 - 8188
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Attorneys for Plaintiff*
